IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRICIA JACKSON                                                                                      PLAINTIFF

vs.                                            Civil No. 6:10-cv-06077

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

**BEFORE** the Court is Defendant's Motion to Remand. ECF No. 6.[1] The Plaintiff has not responded to this Motion. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. The Court, having reviewed the motion, finds Defendant's Motion To Remand should be **GRANTED**.

**1. Background:**

Defendant moves this Court to remand this case for further administrative action. Defendant states the Appeals Council wishes to take further administrative action pursuant to sentence six of section 205(g) of the Social Security Act, 42 U.S.C. 405(g), which provides:

> "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . ."

According to Defendant, the Social Security Administration is unable to locate the claims file of the Administrative Law Judge's December 2, 2009 decision and the recording of the hearing

---

[1] The docket numbers for this case are referenced by the designation "ECF No."

held on July 29, 2009. ECF No. 7. Defendant states that upon receipt of a court order, the Appeals Council will be able to remand the case to an Administrative Law Judge who will reconstruct the administrative record, hold another hearing, and issue a new decision. ECF No. 7.

**2. Discussion:**

The joint conference committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), stated in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Commissioner. The agreement of the joint conference committee was that such procedural defects be considered "good cause" for remand. The committee stated:

> "Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(g) of the Act."

*See*, H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

I find that good cause exists for remand and this matter should be remanded so the administrative record can be prepared.

**3. Conclusion:**

Based upon the forgoing, Defendant's Motion To Remand (ECF No. 6) is **GRANTED**, and this case is remanded to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g).

**ENTERED** this **6th day of May, 2011.**

    /s/   Barry A. Bryant
    HON. BARRY A. BRYANT
    U.S. MAGISTRATE JUDGE